E-FILED
Wednesday, 23 December, 2015 04:16:35 PM
Clerk, U.S. District Court, ILCD



DEC 23 2015

CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, ILLINOIS

**United States District Court**
**Central District of Illinois**
**Champaign Division**

**Karie C Brown-Tess**
    Plaintiff

15-cv-2305

CASE# 14SC1646

-v-

**Second Round LP**
**Blitt & Gained, P.C**
**Joseph Duarte COO**
**Larry Vasbinder CEO/CFO/Co-Founder**
**Crown Asset Management**
    Defendant(s)

## COMPLAINT

Plaintiff, Karie C Brown-Tess, individually, hereby sues Defendant(s), Second Round LP and Blitt & Gained, P.C., Joseph Duarte COO, and Larry Vasbinder and Crown Asset Management for violations of the Telephone Consumer Protection Act (TCPA) Sec. 227., 47 USC § 227(b)(1), 47 USC § 227(a) (iii), Fair Debt Collection Practices Act (FDCPA)USC 1692 (g) (b), 1692 (j), 1692 (e), and the Fair Credit Reporting Act (FCRA) 15 USC §1681s-2 (a)(1)(A). In addition Karie C Brown-Tess alleges the following against Second Round LP, Blitt & Gained, P.C, Joseph Duarte COO (Defendant(s)):

## PRELIMINARY STATEMENT

1. This is an action for damages and injunctive relief brought by Plaintiff against Defendants for violations of the Telephone Consumer Protection Act (TCPA) Sec. 227., 47 USC § 227(b)(1), 47 USC § 227(a) (iii).

2. Plaintiff contends that the defendants practiced unlawful reporting of contested debt, which is a violation of the Fair Debt Collection Practices Act, 15 USC 1692e, through false and misleading representation § 807 (2)(a), § 807 (9), § 807 (10), § 807 (12), § 807 (14).

3. Plaintiff contends that the defendants practiced unlawful reporting of contested debt, which is a violation of the Fair Debt Collection Practices Act, 15 USC 1692e, § 808 by increasing said debts with charges which the plaintiff has never agreed to with the defendant and reporting these charges to credit bureaus. In addition, despite dispute with the credit agencies, the defendants have never reported the said debts as disputed.

4. Plaintiff contends that the defendants practiced unlawful reporting of contested debt, which is a violation of the Fair Debt Collection Practices Act, 15 USC 1692e, § 809 by reporting multiple amounts which do not even match evidence defendant sent to the plaintiff. (*evidence still does not verify defendants ownership of debt, but proof of a debt to another company.) Defendant has ignored multiple request for debt validation violating section § 809 (b) which states: that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or any copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector."

5. Upon belief and information, Plaintiff contends that many of these practices are widespread for some or all of the Defendants. Plaintiff intends to propound discovery to Defendants identifying these other individuals who have suffered similar violations.

6. Plaintiff contends that the Collection Company Defendant have violated such laws by repeatedly harassing Plaintiff in attempts to collect alleged but nonexistent debt.

7. Plaintiff contends that the defendants practiced unlawful publication of indebtedness, which is a violation of the Fair Debt Collection Practices and Fair Credit Reporting Act.

8. Plaintiff contends that the defendants practiced unlawful attempts to collect a debt, which is a violation of the Fair Debt Collection Practices, 15 U.S.C. § 1681.

9. Plaintiff contends that the defendants practiced unlawful reporting of contested debt, which is a violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681.

## JURISDICTION AND VENUE

10. Jurisdiction of this Court arises under 15 U.S.C. §1681p, 15 U.S.C, and supplemental jurisdiction exists pursuant to 28 U.S.C. §1367.

11. Venue is proper pursuant to 28 U.S.C. . §1391b . Venue in this District is proper in that the Plaintiff resides here, the Defendants transact business here, and the conduct complained of occurred here.

12. This is an action for damages, which exceed $9,000.

## PARTIES

13. Plaintiff, Karie C Brown-Tess, is a natural person and is a current resident of the State of Illinois.

14. Upon information and belief Defendant, Second Round LP is a foreign corporation, not authorized to do business in Illinois.

15. Upon information and belief Defendant, Blitt & Gained, P.C is a Illinois corporation, authorized to do business in Illinois.

16. Upon information and belief Defendant, Joseph Duarte COO is a Illinois corporation, not authorized to do business in Illinois.

17. Upon information and belief Defendant, Crown Asset Management is a Illinois corporation, not authorized to do business in Illinois.

## FACTUAL ALLEGATIONS

18. June 3, 2012, the plaintiff received a letter from **Creditors Interchange Receivables Management, LLC** claiming that the plaintiff owed ($9021.36) (APPENDIX IV) with the same account number being provided by the defendant. One month previously, the plaintiff received a similar letter from **Regional Adjustment Bureau, INC** (APPENDIX III). Both companies were sent letters of request of validation. **Creditors Interchange Receivables Management, LLC** responded 7/10/2012 claiming client: **Second Round** with no address or phone number for this company. They promise to send verification in 30 days. No debt validation was sent.

19. September 23, 2013, received a letter from Dynia & Associates, LLC. claiming the defendant owed ($10,015.51) with the same account number to their client: Crown Asset Management, LLC. On October 18, 2013, the plaintiff received a second letter from **Dynia & Associates, LLC.** claiming the plaintiff owe a similar debt ($9021.36) with the same account number to their client: **Crown Asset Management, LLC**

20. April, 2014, Second Round reported to Credit Bureau that the plaintiff owed the amount of 9,102 (with an original amount of $9021) with a "last payment" on October 21, 2010 (No payment has ever been made from me to this company.) No communication was received from Second Round or from a representing attorney since July 10, 2012. Again, Second Round reported that the plaintiff owed Credit Bureau in the amount of $9,102, on March 6, 2015. Four days later the plaintiff received a court summons from Second Round. The plaintiff sent another letter asking for validation of the said debt.

21. April 6-7, 2015, Plaintiff received a letter from Second Round asking for plaintiff personal information concerning a debt (APPENDIX VII). Letter says, "This is a communication from a debt collector and is an attempt to collect a debt." Debt was $145 more than lawsuit without description or

explanation why (9,102.53). Also, letter states the account is assigned to Crown Management and that collections would continue if the plaintiff didn't send verification dealing with an account I was asking them to verify ownership of, (APPENDIX VII).

22. June 10, 2015, the plaintiff sent an e-mail saying, "I am writing to say that I have not received an answer on my dispute of your claim, sent March 11." to pleadings2@blittgaines.com. Sent an email through the Blitt and Gaines website asking for the Notice to Produce. The plaintiff checked credit again: disputed account still reported to Experian and Transunion.

23. June 16, 2015, Second Round LP, violated the TCPA by leaving a recorded messages using automatic telephone dialing system on Plaintiffs cell phone.

24. June 16, 2015, Second Round LP, violated the TCPA by leaving a recorded on Plaintiffs cell phone with no prior permission given by Plaintiff.

25. Defendants, Second Round LP, Blitt & Gained, P.C, Joseph Duarte COO, Larry Vasbinder CEO/CFO/Co-Founder reported false debts with false charges with two credit bureaus and did not report that the amounts were in dispute.

26. Defendant intended to collect a debt not owned

27. Defendant continued to report to credit bureau despite receipt of dispute letter.

28. Defendant attempted to acquire information in response to Plaintiff's request for proof and subsequently, gave no debt validation within the 30 days, or ever, despite repeated attempts to acquire validation.

29. Signing an affidavit claiming to have been sold a debt without furnishing proof of ownership. (Affidavit in no way acknowledge sale from original owner but from original plaintiff, and current defendant.)

## COUNT I
## VIOLATIONS OF THE TELEPHONE
## COMMUNICATIONS ACT 47 U.S.C. §227

30. Plaintiff alleges and incorporates the information in paragraphs 1 through 15.

31. Defendants Second Round LP, Joseph Duarte COO, and Larry Vasbinder has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A) by calling the Plaintiff's number, which is assigned to a cellular telephone service using automatic telephone dialing system.

32. Defendant Second Round LP, Joseph Duarte COO, and Larry Vasbinder has committed this violation of 47 U.S.C. §227(b)(1)(A) and Plaintiff is entitled to damages of $1500 per violation pursuant to 47 U.S.C. §227(b)(3)(B).

33. Defendant Second Round LP, Blitt & Gained, P.C, Joseph Duarte COO, Larry Vasbinder has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A) by calling the Plaintiff's number, which is assigned to a cellular telephone service. The Plaintiff has never given Second Round LP, Blitt & Gained, P.C, Joseph Duarte COO, Larry Vasbinder permission to call Plaintiffs cell phone. Plaintiff is entitled to damages of $1500 per violation pursuant to 47 U.S.C. §227(b)(3)(B). Plaintiff and Second Round LP, Blitt & Gained, P.C, Joseph Duarte COO, Reginald (ext 4954) do not have an established business relationship within the meaning of 47 U.S.C. §227.

**WHEREFORE,** Plaintiff demands judgment for damages against Second Round LP, Blitt & Gained, P.C, Joseph Duarte COO, Reginald (ext 4954) for actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to 735 ILCS 5/13-201, 735 ILCS 5/13-215

## COUNT II
### VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692 BY DEFENDANTS SECOND ROUND LP AND BLITT & GAINED, P.C. AND JOSEPH DUARTE COO AND REGINALD (EXT 4954)

34. Plaintiff alleges and incorporates the information in paragraphs 1 through 19.

35. Defendants Second Round LP and Blitt & Gained, P.C. and Joseph Duarte COO and and Larry Vasbinder continued collection activity after receiving notice of dispute, and failed to provide written validation of debt before resuming collection activities, in violation of 15 U.S.C.§1692g(b). Defendant demands $2000.

36. Defendants violated §1692e (10) by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. Plaintiff demands judgment in the amount of $1000.

**WHEREFORE,** Plaintiff demands judgment for damages against Second Round LP, Blitt & Gained, P.C, Joseph Duarte COO, Larry Vasbinder for actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to 735 ILCS 5/13-201, 735 ILCS 5/13-215.

## COUNT III
### VIOLATION OF FAIR CREDIT REPORTING ACT BY DEFENDANTS SECOND ROUND LP AND BLITT & GAINED, P.C. AND JOSEPH DUARTE COO

37. Plaintiff alleges and incorporates the information in paragraphs 1 through 24.

38. Second Round LP and Blitt & Gained, P.C. and Joseph Duarte COO and Larry Vasbinder violated The Fair Credit Reporting Act (FCRA) 15 USC §1681s-2 (a)(1)(A) by claiming a debt to two credit agencies when such persons knew that the debt was not legitimate. Defendant demands $1000.

## COUNT IV
## VIOLATION OF ILLINOIS COLLECTION AGENCY ACT BY DEFENDANTS SECOND ROUND LP AND BLITT & GAINED, P.C. AND JOSEPH DUARTE COO

39. Plaintiff alleges and incorporates the information in paragraphs 1 through 24.

40. Plaintiff is a consumer within the meaning of §559.55(2).

41. Second Round LP and Blitt & Gained, P.C. and Joseph Duarte COO and Larry Vasbinder are debt collectors within the meaning of 225 ILCS 425/2

42. Second Round LP and Blitt & Gained, P.C. and Joseph Duarte COO and Larry Vasbinder violated §559.72(9) by claiming, attempting or threatening to enforce a debt when such persons knew that the debt was not legitimate. Defendant demands $1000.

43. Second Round LP violated 225 ILCS 425/4, 225 ILCS 425/4.5, 225 ILCS 425/8b in attempting to collect a debt with required licensure for the state of Illinois.

**WHEREFORE,** Plaintiff demands judgment for damages against Second Round LP and Blitt & Gained, P.C. and Joseph Duarte COO and Larry Vasbinder for actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to 735 ILCS 5/13-201, 735 ILCS 5/13-215

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Respectfully submitted this 23 December, 2015.

Karie C Brown-Tess
301 W Nevada
Urbana, IL 61801
407-508-1748
brown.karie@gmail.com